UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LISA GRISSOM, ) | |
| ) | |
| Plaintiff / Applicant, ) | |
| ) | |
| v. ) | |
| ) | |
| LLOYD WELKER, ) | |
| ) | Case No. 1:10 CV 144 RWS |
| Defendant / Garnishee, ) | |
| and ) | |
| ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant / Garnishee. ) | |

## MEMORANDUM AND ORDER

Defendant Hartford Casualty Insurance Company, removed this case from state court invoking the Court's diversity jurisdiction. Plaintiff Lisa Grissom has moved to remand the case because the parties lack complete diversity. I will deny Grissom's motion to remand because the requirements of diversity jurisdiction are satisfied in the case.

*Background*

On August 10, 2010, Plaintiff Lisa Grissom was awarded a judgment in the amount of $214,507.91 in her case styled Grissom v. First National Inurance Agency, Cause N. 07SO-CV873. The case was heard in the Circuit Court of Scott County, Missouri. In an effort to collect the judgment, Grissom issued a garnishment on Hartford Casualty Insurance Company.[1] The garnishment seeks to satisfy the judgment from an insurance policy issued to the defendants

---

[1] I note that a copy of the underlying lawsuit was filed with the Court but a copy of the garnishment is not found in the Court's record.

in the underlying lawsuit.

It is undisputed that Grissom, the garnishment applicant, named both Harford and Welker as garnishees in this garnishment action. Hartford, an Indiana corporation with its principal place of business in Connecticut, removed the garnishment action to this Court asserting diversity jurisdiction. Grissom filed a motion to remand arguing that because she and Welker are both citizens of Missouri complete citizenship diversity is lacking. Hartford counters that Welker's citizenship should be disregarded because, even if he is deemed to be a "defendant" in this action, he is a nominal defendant and his interests for jurisdictional purposes should be realigned with Plaintiff Grissom's interest. Hartford asserts that realignment would be proper because Welker would benefit if Hartford's policy is found to provide coverage to satisfy the judgment. Welker's exposure to satisfy the judgment would be reduced by any amount paid by Hartford under the policy.

In addition, Grissom does not dispute Hartford's representation that Welker was never served with the garnishment.

### *Legal Standard*

To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

*Discussion*

Grissom acknowledges that her garnishment action was filed under section 525.010 R.S.Mo. and Missouri Rule of Civil Procedure 90.01 and is an attempt to collect her judgment from a policy of insurance purchased by Welker. In her argument in support of remand Grissom asserts that Missouri law required that Welker be joined as a named defendant in such a garnishment action. I have not found that to be the case. Grissom cites to section 525.010 R.S.Mo. in support of that proposition but that statute does not impose such a requirement. Nor does the case law that Grissom relies upon support the proposition that Welker, the judgment debtor, must be named as a garnishee in a garnishment action under section 525.

"There are two avenues for a judgment creditor to collect money from an insurance company: (1) a traditional garnishment under section 525[] and Rule 90 or (2) a direct action against the insurer authorized by section 379.200" Johnston v. Sweany, 68 S.W.3d 398, 403 (Mo. 2002). Only direct actions against an insurer under section 379.200 require a judgment defendant to be named as a defendant in the garnishment action. No such requirement is imposed on garnishment actions brought under section 525 as in the present case.

In addition, in an action brought under section 379.000, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant. See 28 U.S.C. section 1332(c)(1)("in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen . . .").

However, "[a]n ordinary garnishment proceeding is not a direct action, but rather is ancillary to the underlying tort action." Lancaster v. American and Foreign Ins. Co., 272 F.3d

1059, 1064 (8th Cir.2001). Because an "ordinary" garnishment action under section 525 is not a direct action, 28 U.S.C. section 1332(c)(1)'s requirement does not apply.

Moreover, in a garnishment action against an insurance company under section 525, even if a defendant from the underlying state court action is joined as a defendant in the garnishment action, he should be realigned for jurisdictional purposes with the plaintiff because it is in the defendant's interest to have the judgment against him satisfied by the insurer. Randolph v. Employers Mut. Liability Ins. Co. of Wis., 260 F.2d 461, 464 (8th Cir. 1958).[2]

To the extent Defendant Welker has been named as a garnishee / defendant in this action by Plaintiff Welker, such a designation does not preclude this Court's diversity jurisdiction in the matter. For the purposes of the garnishment proceedings against Hartford, Welker is a nominal party at best, whose presence in the case is no impediment to the removal of this garnishment proceedings. See Monroe v. Roedder, 583 F.Supp.2d 1031, 1034 (E.D. Mo. 2008)

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Lisa Grissom's motion to remand [#4] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2011.

---

[2] This is a different outcome than an action brought under section 379.200 where the insurer would be deemed to assume the citizenship of the insured defendant if, for some reason, he were realigned as a plaintiff