UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LISA GRISSOM, | ) |
|     Plaintiff / Applicant, | ) |
| v. | ) |
| L0Y WELKER, | ) Case No. 1:10CV144 RWS |
|     Defendant / Garnishee, and | ) |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) |
|     Defendant / Garnishee. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Lisa Grissom received a judgment is state court against her former employer, Loy Welker, for wrongful discharge and retaliation. Grissom filed a garnishment action against Welker's insurer, Defendant Hartford Casualty Insurance Company, in an attempt to collect on the judgment. Hartford has moved for summary judgment asserting that the state court judgment is not covered under the policy. Because the actions of Welker are not covered by the policy I will grant Hartford's motion.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and

identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Background*

Grissom sold insurance for First National Agency in Scott County, Missouri. Her supervisor and the manager of her office was Loy Welker. Over a period of time Welker engaged in a pattern of sexual harassment against Grissom at work. Grissom had a lawyer send a letter to Welker telling him to stop the harassment or he would be sued. A short time later Welker fired Grissom.

Grissom sued Welker and First National for, among other claims, wrongful discharge and retaliation under Missouri law. These claims were based on Welker's sexual harassment of Grissom. The case was filed in the Circuit Court of Scott County, Missouri in the case styled Grissom v. First National Inurance Agency, Cause N. 07SO-CV873. The jury reached a verdict in favor of Grissom against only Welker.[1] The jury awarded damages to Grissom only for her claims of retaliation and wrongful discharge. A judgement was entered in the amount of $214,507.91 which included actual damages in the amount of $25,000, punitive damages in the

---

[1] The jury found for First National on all the claims against it.

amount of $100,000, and the balance composed of attorney's fees.

Hartford had provided business insurance to First National.  In an effort to collect the judgment, Grissom issued a garnishment on Hartford.  Although Hartford had provided the defense of Welker and First National at trial, it did so under a reservation of rights as to any liability for a judgment.

Hartford asserts that Welker's intentional acts of harassment, retaliation, and wrongful discharge are not covered under its policy issued to First National.  Hartford seeks summary judgment that its policy does not provide coverage to pay for Grissom's judgment against Welker.

*Discussion*

Grissom's garnishment action was filed under section 525.010 R.S.Mo. and Missouri Supreme Court Rule 90.01 and is an attempt to collect her judgment from a policy of insurance under which Welker is an insured.  Grissom, as the garnishor, has the burden of proof to show that her claim is within the coverage provided by Hartford's policy.  M.A.B. v. Nicely, 911 S.W.2d 313, 315 (Mo. Ct. App. 1995).  If an insurance company seeks to avoid coverage based on an exclusion, it bears the burden of proof to show that the exclusion applies to a claim.  Id. However, Hartford's motion for summary judgment is not based on exclusions in the policy.  It is based on the fact that Grissom's claims do not fall under the coverages as defined by the policy.

Grissom asserts that her claim for payment of the judgment is covered by Hartford's policy under the Business Liability Coverage portion of the policy for "bodily injury" and under

the provision for "personal and advertising injury."[2] (Pl.'s Opp'n to Summ. J. at 3)  It is Grissom's burden to show that her claim is within these portions of the policy.

Grissom's claim under the personal and advertising injury provision of the policy, as defined in Section G. Liability and Medical Expenses Definitions, paragraph 15(h), is without merit.  That section provides coverage for discrimination or humiliation but only if the discrimination or humiliation is not done intentionally by the insured, or, if it is not directly or indirectly related to the employment or termination of employment of any person by any insured.  Paragraph 15(h)(1) and (2).  The definition of coverage under this section clearly prevents coverage for the judgment entered against Welker.  He intentionally harassed and terminated Grissom so his actions are not covered under paragraph 15(h)(1).[3]  In addition, the judgment is directly related to the "termination of employment of any person" (Grissom) "by any insured" (Welker) so it is not covered under paragraph 15(h)(2).

Grissom also asserts coverage under the bodily injury portion of the policy.  Under the policy, coverage is provided for bodily injury and property damage only if it results from an occurrence.  An "occurrence" is defined to mean an accident.  Grissom argues that a genuine

---

[2] Plaintiff concedes in her opposition to summary judgment that the policy does not cover punitive damages and that her claim is not covered under the policy's Employment Practices Coverage.

[3] Although Grissom asserts a factual issue remains concerning whether Welker acted intentionally, this issue is not really in dispute.  Plaintiff pleaded and proved in the underlying case that Welker intentionally sexually harassed Grissom.  Grissom also pleaded and proved at trial that Welker intentionally fired (wrongfully discharged) Grissom in retaliation for her enforcing her rights under Missouri law.  (Def.'s Mot. Summ. J. Ex. K)  Moreover, the jury awarded punitive damages against Welker for his retaliation against Grissom.  Under the punitive damages instruction the jury found Welker's retaliation action to be outrageous based on his "evil motive or reckless indifference."  (Def.'s Mot. Summ. J. Ex. N)

issue of fact is still at issue at to whether Grissom's termination and wrongful discharge may be deemed to be an accident under the policy rather than an intentional act which would not be covered.  Grissom states that the term "accident" is not defined by the policy but should be given its natural definition, that it is an "event which takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event." (Pl.'s Opp'n to Summ. J. at 4)  Grissom has the burden of proof to show that Welker's actions were an accident.  That is, she must prove that Welker did not consciously or deliberately intend to act as he did or that he did not intend to inflict harm upon Grissom.  See  State Farm Fire & Cas. Co. v. D.T.S., 867 S.W.2d 642, 644 (Mo. Ct. App. 1993).

Grissom does not state how her claim for retaliation and wrongful discharge were the result of an accident.  To the contrary, she asserted at trial that she was purposefully fired from her job by Welker in retaliation for objecting to his intentional sexual harassment.  Her present assertion that her termination was the result of an accident makes no sense, is without evidentiary support, and is completely counter to the basis of her claims which resulted in the judgment at issue.

In addition, in its answers to Grissom's garnishee's interrogatories, Hartford specifically stated that the evidence at trial and the claim submitted to the jury did not fall within the definition of an "occurrence" under the policy.  (Def.'s Mot. Summ. J. Ex. A at 4)  In her exceptions to Hartford's answers to garnishee's interrogatories, Grissom failed to expressly deny Hartford's answer that her claims were not an occurrence under the policy.  (Def.s Mot. Summ. J. Ex. B)

"Garnishment is purely a creature of statute in derogation of the common law."  Moore

Automotive Group, Inc. v. Goffstein, 301 S.W.3d 49, 53 (Mo. 2009) (internal quotation and citation omitted).  Under Missouri Supreme Court Rule 90.07(c) a garnishee's answers to interrogatories are conclusively binding against the garnishor if the garnishor does not timely file exceptions to the interrogatory answers.  Id. at 54.  Under R.S.Mo. § 525.210 "'[i]f the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken to be true and sufficient.'"  Id.  "The effect of Rule 90.07(c) and section 525.210 is that a garnishor's failure to file exceptions is deemed to be a judicial admission on the part of the garnishor that the garnishee's interrogatory answers are true."  Id.

Because Grissom failed to deny in her exceptions to Hartford's answer that the claim submitted by Grissom to the jury was not an occurrence under the policy, Hartford's answer is binding upon Grissom.  Moreover, even if Grissom had asserted such a denial, the evidence indisputably shows that the claims she prevailed on at trial, retaliation and wrongful discharge, were not accidents and so do not meet the definition of an occurrence under the policy.

Accordingly,

**IT IS HEREBY ORDERED that** Hartford Casualty Insurance Company's motion for summary judgment [#16] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2011.